UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:17-CV-14222-ROSENBERG/HOPKINS

MICHELINA IAFFALDANO,

    Plaintiff,

v.

SUNWEST MORTGAGE COMPANY, INC.
and PROCTOR FINANCIAL INC.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY OF WILLIAM D. HAGER PROFFERED BY DEFENDANT PROCTOR FINANCIAL

THIS CAUSE is before the Court on Plaintiff's Motion to Exclude Expert Testimony of William D. Hager Proffered by Defendant Proctor Financial [DE 88]. The Court has carefully reviewed Plaintiff's Motion and Defendant's response in opposition [DE 98], and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

### I.    BACKGROUND

Plaintiff has brought a RESPA claim against Defendant Sun West and a claim of tortious interference with a business relationship against Defendant Proctor. See DE 23 & 78. In August 2014, Defendant SunWest obtained force-placed hazard and flood insurance policies on Plaintiff's property. DE 23 ¶ 14. Plaintiff alleges that these policies' premiums were considerably higher than the premiums on policies that could have been obtained through other carriers. *Id.* ¶ 16. Plaintiff also alleges that Sun West has outsourced some of its mortgage servicing activities to Proctor, *id.* ¶ 26, and that the Defendants have engaged in a scheme to

manipulate the force-placed insurance policies to allot commission to Defendant Proctor, *id.* ¶ 26.

Defendant Proctor retained William D. Hager as an insurance expert in this case. Hager prepared a report in which he opines that:

1) Force placed insurance in and of itself means higher risk, meaning a higher premium;

2) The $4,930 annual premium was reasonable and consistent with the significantly higher risk; and

3) The premiums were not overpriced and were at levels dictated by statute.

*See* DE 88-1 at 14–16.

Plaintiff concedes that Hager "has the qualifications necessary to prepare an appropriate report." DE 88 at 2. Plaintiff moves to exclude Hager's opinions and testimony because (1) Hager's opinions are not based upon any apparent methodology; (2) Hager's proffered opinions would not assist the trier of fact; and (3) Hager's report does not comply with all of Rule 26's requirements.

## II. DISCUSSION

### A. **Federal Rule of Evidence 702 and the *Daubert* Standard**

Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The proponent of the expert testimony bears the establishing its admissibility. *McDowell v. Brown*, 392 F.3d 1283, 1298 (11th Cir. 2004). In determining whether expert

2

testimony and any report prepared by the expert may be admitted, the Court inquires whether (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993))).

Under *Daubert*, district courts are to perform a "gatekeeping" role concerning the admission of expert testimony. *Daubert*, 509 U.S. at 592–93; *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 150–52 (1999). "The Supreme Court did not intend, however, that the gatekeeper role supplant the adversary system or the role of the jury: vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id*. at 1299 (citations omitted).

**B. Hager's Methodology**

Plaintiff argues that Hager's opinions are not based on any methodology, specifically noting that he does not use either of the methodologies endorsed by the National Association of Insurance Commissioner. DE 88 at 5. Defendant Proctor responds that Hager's opinions are reliable taking into account his education, experience and analysis and, that as an insurance industry expert, "the only 'methodology' Hager need employ is reviewing applicable statute, rules, and regulations in order to form his opinion." DE 98 at 5 (citations omitted).

The Court agrees with Defendant Proctor. Hager has substantial experience in the insurance industry, *see* DE 88-1 at 4–9, which Plaintiff acknowledges, DE 88 at 2. His opinions, thus, are reliable based upon his knowledge and experience. He need not have used a particular methodology in arriving at his conclusions. *See, e.g., Am. Gen. Life Ins. Co. v. Schoenthal Family*, LLC, 555 F.3d 1331, 1338 (11th Cir. 2009) ("Standards of scientific reliability, such as testability and peer review, do not apply to all forms of expert testimony. . . . A district court may decide that nonscientific expert testimony is reliable based upon personal knowledge or experience.") (citations omitted).

### C. **Helpfulness to the Jury**

Plaintiff argues that Hager's testimony would not assist the trier of fact because his report does not "address [] Plaintiff's contention that collusion between the defendants inflated the premium." DE 88 at 6. Defendant Proctor responds that Hager's testimony will assist the trier of fact because he will testify that "Proctor complied with the applicable rules, regulations, and industry standards." DE 98 at 7.

The Court agrees with Defendant Proctor. Plaintiff's objection goes to the weight rather than admissibility of Hager's testimony and is more appropriately the subject of cross-examination.

### D. **Rule 26 Requirements**

Finally, Plaintiff argues that Hager's report does not meet the Rule 26 standard that an expert report disclose the "facts and data considered by the witness." DE 88 at 7. As Defendant points out, DE 98 at 1 n.1, Appendix D to Hager's report lists all of the materials he considered in arriving at his opinion, DE 88-1 at 55. Thus, Hager's report meets the Rule 26 standard.

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Exclude Proposed Expert Testimony of William D. Hager Proffered by Defendant Proctor Financial [DE 88] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this <u>4th</u> day of January, 2018.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record